IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CRIMINAL NO. 09-0140-CG-B |
| ) | |
| **JEREMY RAY ROBERTS** ) | |
| ) | |

# ORDER

This matter is before the Court on Defendant Jeremy Ray Roberts' ("Roberts") Motion for Sentencing Reduction Pursuant to 18 U.S.C. 3582(c)(2) and U.S.S.G Amendment 782 (Doc. 135), the United States' response in opposition (Doc. 138), and Roberts' reply (Doc. 139). Upon consideration and for the reasons set forth herein below, Roberts' motion is due to be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2009, Roberts was indicted on one count of conspiracy to unlawfully manufacture more than 50 grams of a substance containing methamphetamine, in violation of 21 U.S.C. § 846 (Count One), one count of attempt to unlawfully manufacture more than 50 grams of a substance containing methamphetamine, in violation of 21 U.S.C. § 846 (Count Two), three counts of possession of pseudoephedrine, in violation of 21 U.S.C. § 841(c)(2) (Counts Three, Five, and Twenty-Two), one count of possession with the intent to distribute approximately 7.24 grams of a mixture or substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Four), and one count of forfeiture in accordance with 21 U.S.C. § 853 (Count Eighty-Two). (Doc. 1). On August 19, 2009, Roberts pled guilty to Count One of the Indictment pursuant to a written plea agreement with the Government. (Doc. 36).

According to the Presentence Investigation Report ("PSR"), Roberts was involved with 222.2 grams of pseudoephedrine and therefore, Roberts' base offense level under U.S.S.G. § 2D1.1, was 32. (Doc. 74). Roberts was assessed a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and a one level reduction pursuant to U.S.S.G. § 3E1.1(b) for timely notifying the government of his intent to plead guilty. (*Id*.) Roberts was also determined to be a Career Offender in accordance with U.S.S.G § 4B1.1 which resulted in a total offense level of 37. (*Id*.) Application of his three-point reduction (as stated above), resulted in an adjusted offense level of 34. (*Id*.) His criminal history category was V pursuant to the sentencing table, but given his Career Offender designation, Roberts' criminal history category was VI. (*Id*.) An offense level of 34 with a criminal history category of VI produced a guidelines range of 262 to 327 months' imprisonment. (*Id*.)

On May 20, 2010, Roberts' was sentenced to 216 months' imprisonment after the Court determined that the career offender sentencing guidelines were too high to meet the statutory sentencing objectives, warranting a downward variance. (Doc. 114, PageID 509-511). Counts Two, Three, Four, Five, Twenty-Two and Eighty-Two

were dismissed on motion of the United States. (Docs. 97 and 114.) Roberts' conviction and sentence were confirmed on appeal in February 2011. (Doc. 120).

Prior to the instant motion, Roberts filed a motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 127), which was ultimately dismissed without prejudice for failure to prosecute (Doc. 133). Roberts has now filed the instant motion seeking a reduction pursuant to 18 U.S.C. 3582(c)(2) and U.S.S.G Amendment 782. (Doc. 135). The United States has responded in opposition (Doc. 138), and Roberts has replied (Doc. 139).

## DISCUSSION

In 2014, the Sentencing Commission issued Amendment 782, which reduced the base offense level for most drug offenses calculated pursuant to U.S.S.G. § 2D1.1(c) by two levels. U.S.S.G.App. C., Amend. 782 (2014). The Commission later made Amendment 782 retroactive. See *id*. § 1B1.10(d) (including Amendment 782, subject to certain limitations).

Roberts argues that he is eligible for a reduction under Amendment 782 and that pursuant to the same, his total offense level is reduced to 32 which would yield an advisory guideline range of 210 to 216 months' imprisonment. (Doc. 135 at 11; PageID.559). Roberts additionally seeks a downward variance of 52 months, based on the Court's downward variance of 52 months at his original sentencing. (*Id*.) As a result, Roberts requests this Court reduce his sentence to 164 months. (*Id*.) The United States argues Roberts is not eligible for a reduction under §3582(c)(2) because his original sentence was calculated by the guidelines range of a career

3

offender, not the quantity of drugs for which Roberts' was responsible. (Doc. 138). In reply, Roberts acknowledges that persons sentenced under the career offender guidelines are not typically eligible for a reduction under Amendment 782, but argues he falls within an exception because this Court imposed a downward departure on his original sentence after determining the career offender range was too high. (Doc. 139).

> In relevant part, Section 3582(c) provides:
>
> The court may not modify a term of imprisonment once it has been imposed except that-
> ...
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). In considering a § 3582(c)(2) motion, a district court must recalculate the applicable guideline range by substituting only the amended guideline for the one originally used. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir.2000); see U.S.S.G. § 1B1.10(b)(1). "All other guideline application decisions made during the original sentencing remain intact." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir.1998). "A sentence reduction is not consistent with the policy of the Sentencing Commission—and therefore is not authorized under § 3582(c)(2)—if the retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *U.S. v. Hardiman*, 646

Fed.Appx. 852, 854 (11th Cir. 2016) citing to U.S.S.G. § 1B.10(a)(2)(B); 18 U.S.C. § 3582(c)(2) (providing that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."). Per the commentary to § 1B1.10, the "applicable guideline range" is "determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n. 1(A).

The Court finds that Roberts is not eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c).  The record reflects, and Roberts' acknowledges, that his total offense level and applicable guideline range was not based on the quantity offense levels in § 2D1.1 but were based on the career offender level in § 4B1.1.  (*See* Docs. 74, 114, and 135, generally).   As a result, he is not a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission". 18 U.S.C. § 3582(c)(2). *See United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence."); *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir.2012) (where defendant's total offense level and guideline range "were based on § 4B1.1, not § 2D1.1, because he was a career offender," subsequent reduction in base offense levels in § 2D1.1, but not § 4B1.1, "did not alter the sentencing range upon which Lawson's sentence was based, and § 3582(c)(2) does not authorize a reduction in sentence") (citation and internal marks omitted).

Roberts' argument that he falls within an exception because he was given a downward variance is also not compelling. In reaching this conclusion, the Court has considered Roberts' reliance on *United States v. McGee*, 553 F.3d 225, 227 (2d Cir. 2009) and *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010). (Doc 139 at 2-3; PageID.573-74). However, both of those cases are factually distinguishable from the instant action in that in both of them, the defendants were found to be career offenders, but were ultimately given a departure and sentenced *based on* the guidelines range that would have applied absent the career offender designation. In the instant case, Roberts was given a downward variance, but he was still sentenced based on the career offender range. Moreover, neither *McGee* nor *Munn* is controlling authority in this circuit.

In this action, the Court's downward departure does not change the guideline range on which Roberts was sentenced. *See U.S. v. Digristine*, 638 Fed.Appx. 927, 930 (11th Cir. 2016) ("The downward variance Defendant received does not change the fact that his applicable guideline range was based on the career offender guideline."); *see also Hardiman*, 646 Fed.Appx. at 856 ("the district court properly denied Hardiman's § 3582(c)(2) motion because he was sentenced as a career offender and Amendment 782 did not lower his applicable guideline range, even though he received a downward variance to a term of imprisonment within the range that would have applied if he were not a career offender.") As the Eleventh Court stated in *Digristine*, "[b]ecause Defendant's guideline range was not based on the drug quantity guidelines, Amendment 782 'does not have the effect of lowering

the defendant's applicable guideline range.' Section 3582(c)(2) therefore does not authorize a reduction in sentence." *Id.* at 930. (internal citations omitted).

After careful consideration of Roberts' motion and for the reasons set forth herein above, the Court finds that Roberts is not eligible for a reduction in sentence due to Amendment 782.  As a result, Roberts' motion is **DENIED**.

**DONE** and **ORDERED** this 6th day of July, 2020.

                            /s/ Callie V. S. Granade
                            SENIOR UNITED STATES DISTRICT JUDGE