IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 09-0140-CG-B |
| **JEREMY RAY ROBERTS** | ) ) ) | |

## ORDER

This matter is before the Court on Defendant Jeremy Ray Roberts' ("Roberts") Emergency Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1) (Doc. 141) and the United States' response (Doc. 143). Upon consideration and for the reasons set forth herein below, Roberts' motion is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2009, Roberts was indicted on one count of conspiracy to unlawfully manufacture more than 50 grams of a substance containing methamphetamine, in violation of 21 U.S.C. § 846 (Count One), one count of attempt to unlawfully manufacture more than 50 grams of a substance containing methamphetamine, in violation of 21 U.S.C. § 846 (Count Two), three counts of possession of pseudoephedrine, in violation of 21 U.S.C. § 841(c)(2) (Counts Three, Five, and Twenty-Two), one count of possession with the intent to distribute approximately 7.24 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Four), and one count

of forfeiture in accordance with 21 U.S.C. § 853 (Count Eighty-Two). (Doc. 1). On August 19, 2009, Roberts pled guilty to Count One of the Indictment pursuant to a written plea agreement with the Government. (Doc. 36).

On May 20, 2010, Roberts was sentenced to 216 months' imprisonment. (Doc. 114, PageID.509-511). Counts Two, Three, Four, Five, Twenty-Two and Eighty-Two were dismissed on motion of the United States. (Docs. 97 and 114.) Roberts' conviction and sentence were confirmed on appeal in February 2011. (Doc. 120). On August 28, 2020, Roberts, through counsel, filed the instant motion for compassionate release based on his diagnosis of terminal colorectal cancer and the compromised state of his immune system due to chemotherapy treatments which increases his risk of contracting Covid-19 and increases his likelihood of suffering more severely should he contract the virus. The Government has responded that it does not contest Roberts' motion. (Doc. 143).

## DISCUSSION

Roberts moves for immediate release pursuant to § 3582(c)(1)(A) asserting that there are extraordinary circumstances that justify a reduction of his sentence. (Doc. 141, generally). Specifically, Roberts contends that he should be released because he has been diagnosed with a terminal illness, colorectal cancer, which has progressed to the point that he has a life expectancy of twelve months (as of March 2020). (*Id*. at 4; PageID.588). Roberts also asserts that his cancer and bi-weekly chemotherapy treatments significantly increase his risk of becoming infected with Covid-19 and place him at a high risk of death, should he contract the virus. (*Id*. at

1; PageID.585). For support, Roberts has submitted his medical records detailing his diagnosis and treatment which include a note that his prognosis makes him eligible for a reduction in sentence. (Doc. 141-2 at 2; PageID.603). He further points out that the spread of Covid-19 within prisons is significantly higher than the spread of the virus in the Unites States population at large. (Doc. 141 at 6-12; PageID.590-96). The Government does not oppose Roberts' Motion. (Doc. 143).

### A.   Statutory Requirements

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed either (1) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

Roberts' motion indicates that he made a request to the BOP for compassionate release in May 2020. (Doc. 141 at 5; PageID.589). The BOP acknowledged Roberts' filing but the warden did not respond to his request and at the time the instant motion was filed, more than thirty days elapsed since his request was made. (*Id.*; *See also* Doc. 141-1). Accordingly, Roberts' motion is properly before the Court.

    **B.**    **Compassionate Release**

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). Among the statutory options, 18 U.S.C. § 3582(c)(1)(A), referred to as the compassionate release provision provides, in relevant part, for reduction of a term of imprisonment and the possible imposition of supervised release with conditions, where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that if there are "extraordinary and compelling" reasons, a defendant may obtain a reduced sentence after consideration of the factors set forth in 18 U.S.C. § 3553(a), and if the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling" reasons are not defined in the statute. Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the Federal Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition (including a serious and advanced illness with an end of life trajectory) or serious medical condition that diminishes his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons." *Id.*  Roberts' motion implicates the first and fourth categories of extraordinary and compelling reasons.  With respect to the fourth category, this court has previously stated:

> In its present version, subparagraph (D) "leaves identification of other 'extraordinary and compelling reason[s]' to the Director of the Bureau of Prisons." *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at * 3 (D. Me. July 11, 2019).  But now that the First Step Act allows the inmate to file for compassionate release without the BOP's support, it is unclear what "other" reasons can be relied upon for compassionate release.  However, the Court finds that until the Sentencing Commission amends its Policy Statement "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." *United States v. Fox*, 2019 WL 3046086, at *3.

*United States v. Brad J. Long*, 17-cr-00026-KD-B (S.D. Ala. May 22, 2020).

Roberts asserts that he should be released because he has been diagnosed with terminal colorectal cancer with a prognosis of twelve months to live.  Roberts

5

also points out that his terminal cancer and treatment suppress his immune system causing him to be at a greater risk of contracting Covid-19 or suffering more severely from the virus should he it be contracted.  (Doc. 141).   Additionally, Roberts details the increased risk associated with contracting the virus inside the prison environment as compared to the United States population at large.  (*Id*. at 6-12; PageID.590-96).  Attached to Roberts' motion are his medical records which confirm his diagnoses, treatment, and life expectancy as well as indicate that the same qualifies him for compassionate release. (Doc. 141-2 at 2; PageID.603). Finally, Roberts' condition has been identified by the Center for Disease Control ("CDC") as a condition which places a person at "high-risk for severe illness from Covid-19".  *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html.

      Based on the relevant pleadings and supporting documents, the Court finds that Roberts' terminal cancer establishes an extraordinary and compelling circumstance rendering him eligible for compassionate release under 18 U.S.C. 3582(c)(1) and Application Note 1(A)(i) to the Commentary of § 1B1.13 of the Federal Sentencing Guidelines.  Additionally, Roberts' potential to contract Covid-19 because of the close living conditions and documented Covid-19 outbreak within

the BOP[1], in combination with his cancer diagnoses and chemotherapy treatments for the same make him eligible for compassionate release under Note 1(D).

### C.   Section 3553(a) factors

Because Roberts has shown an extraordinary and compelling reason for compassionate release, the Court must next examine the factors set forth 18 U.S.C. § 3553(a) and 18 U.S.C. § 3142(g). Under the relevant Sentencing Guidelines Policy Statement, the court "may reduce a term of imprisonment ... if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that ... extraordinary and compelling reasons warrant a reduction." § 1B1.13. The relevant factors under § 3553(a), include "the nature and circumstances of the offense and the history and characteristics of the defendant", the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", and deterrence to criminal conduct, and protection of the public from further crimes by the defendant. 18 U.S.C. § 3553(a). The court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13.

In support of his motion, Roberts details that at the time of his conviction, he was a thirty-six-year-old methamphetamine addict who had no significant criminal history until he was almost twenty-nine years old. (Doc. 141 at 2; PageID.586). He

---

[1] *See* https://www.bop.gov/coronavirus/(last visited September 11, 2020).

points out that prior to his conviction, he was a hard worker with siblings who looked up to him until he became a drug addict, which led to his ultimate incarceration. (*Id*. at 2-3; PageID.587-88). Roberts also asserts that none of his convictions involve weapons or violence. (*Id*.) Finally, Roberts points out that he has served approximately 75% of his sentence, during which time he took "every professional and self-improvement course he could." (Doc. 141 at 3; PageID.587). Roberts has provided a Summary Reentry Plan to the Court which confirms he completed 39 courses and obtained his GED. (Doc. 141-1). It also shows that he is currently enrolled in three additional courses. (*Id*.) The documents provided show that Roberts has had a good work history, positive conduct, and positive interactions with staff and inmates while incarcerated. Additionally, Roberts indicates that he has maintained a relationship with his family and will have the support of his family upon his release. (Doc. 141 at 3; PageID.587).

The Court commends Roberts' efforts while incarcerated and finds that a consideration of the § 3553 factors compels his release. Finally, with respect to § 3142(g), the court must consider ""(1) the nature and circumstances of the offense charged ...; (2) the weight of the evidence against the person; (3) the history and characteristics of the person ...; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C § 3142(g). The Court finds that a review of Roberts' history pre- and post-incarceration supports that he is not a danger to the community. As a result, the Court exercises its discretion to grant Roberts' motion.

8

## CONCLUSION

For the reasons set forth above, Roberts' motion to be compassionately released (Doc. 141) is **GRANTED**. Accordingly, Roberts' sentence is modified to a term of time served. It is **ORDERED** that the Federal Bureau of Prisons shall immediately release Defendant from the custody of FMC Butner into the care of his family upon receipt of this Order.

It is further **ORDERED** that Defendant shall be on **SUPERVISED RELEASE** for a period of eight (8) years in accordance with the terms and conditions of supervised release previously imposed upon him and memorialized in the Judgment (Doc. 97). Defendant is to report to the United States Probation Office for the Southern District of Alabama upon his release.

**DONE** and **ORDERED** this 14th day of September, 2020.

    /s/ Callie V. S. Granade
    SENIOR UNITED STATES DISTRICT JUDGE